United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-cr-00466-BLF-4 |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT RAMON MONTOYA'S MOTION FOR SENTENCE REDUCTION** |
| RAMON MONTOYA, | |
| Defendant. | [Re: ECF 988] |

Before the Court is a *pro se* motion for a sentence reduction filed by Defendant Ramon Montoya ("Montoya"). *See* Mot., ECF 988. The Court finds the motion suitable for decision without oral argument. The motion for is DENIED for the reasons discussed below.

## I.    BACKGROUND

Montoya is one of fifteen defendants charged in a 10-count Indictment arising from the activities of the Nuestra Familia prison gang. *See* Indictment, ECF 1. Montoya pled guilty to Count 1 of the Indictment, Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), and the remaining counts against him were dismissed. *See* Minute Entry, ECF 214; Judgment, ECF 433. Montoya's offense conduct, as charged in Count 1 of the Indictment and admitted in his plea agreement, includes conspiracy to commit murder through "removals" of Monterey County Jail inmates who violated Nuestra Familia rules. *See* Indictment ¶¶ 69-70; Plea Agreement ¶ 2, ECF 217. Montoya's acts in furtherance of the conspiracy include personal participation in such removals. *See* Indictment ¶¶ 69-70; Plea Agreement ¶ 2. Following Montoya's guilty plea, this Court sentenced him to a 120-month term of imprisonment, a 5-year term of supervised release, and a $100 special assessment. *See* Judgment. The Government states that his projected release date is September 26, 2027. *See* Gov't Opp. at 5, ECF 996

Montoya has filed a *pro se* motion for a sentence reduction. *See* Mot. The Court referred the motion to the Federal Public Defender's Office, which has not elected to assume representation of Montoya for purposes of the motion. *See* Order, ECF 990. The Court thereafter set a briefing schedule directing the United States Probation Office ("Probation") and the Government to file responses to the motion, which they have done. *See* Probation Resp., ECF 994; Gov't Opp. The Court granted Montoya the opportunity to file an optional reply, but none has been filed and the time to do so has elapsed. *See* Order, ECF 995.

## II. LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed" except in narrow circumstances identified in 18 U.S.C. § 3582(c)(1) and (c)(2). 18 U.S.C. § 3582(c).

As relevant here, § 3582(c)(1) allows a district court to reduce a defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i). That type of sentence reduction is referred to as "compassionate release." *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022).

Under § 3582(c)(2), a district court may grant a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

## III. DISCUSSION

Montoya's motion is expressly based on 18 U.S.C. § 3582(c)(2), which as noted above allows a district court to grant a sentence reduction when the defendant was sentenced based on a sentencing range that since has been lowered by the Sentencing Commission. *See* Mot. at 1. The motion does not assert that the applicable guideline sentencing range has been lowered; it does not mention the applicable sentencing range at all. Probation advises that Montoya is not eligible for relief under § 3582(c)(2) because "no reduction in his guideline range is applicable." Probation Resp. at 1. The Court finds that § 3582(c)(2) does not apply.

The Government suggests that, based on the contents of Montoya's motion, he may have intended to seek compassionate release under § 3582(c)(1). Montoya claims that relief is warranted because he has served 2/3 of his prison term, has a good prison record, and has a good

United States District Court
Northern District of California

2

support system waiting for him outside of prison. *See* Mot. at 1-2. In light of Montoya's *pro se* status, the Court will consider whether he is eligible for compassionate release under § 3582(c)(1) even though his motion is brought under a different statutory provision.

A court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Keller*, 2 F.4th 1278, 1281-83 (9th Cir. 2021) (describing administrative exhaustion requirement). In *Keller*, the Ninth Circuit held "that § 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *Id*. at 1282. As the Government points out, Montoya does not provide any evidence of administrative exhaustion or, indeed, mention administrative exhaustion. Any request for compassionate release is subject to denial on that basis.

Montoya would not be eligible for compassionate release even if he had demonstrated administrative exhaustion. When addressing the merits of a motion for compassionate release, a district court must consider three factors identified in 18 U.S.C. § 3582(c)(1)(A). *See Wright*, 46 F.4th at 945. "First, the district court must determine whether extraordinary and compelling reasons warrant a sentence reduction." *Id*. (internal quotation marks and citation omitted). "Second, the court must evaluate whether a reduction would be consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. (internal quotation marks and citation omitted). "Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Id*. (internal quotation marks and citation omitted). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id*.

The Court considers the first two factors together, because what constitutes extraordinary and compelling reasons is governed by the Sentencing Commission's applicable policy statement at U.S.S.G. § 1B1.13. *See United States v. Bryant*, 144 F.4th 1119, 1124 (9th Cir. 2025)

3

("[C]ourts are 'bound by' § 1B1.13 in deciding all compassionate release motions under § 3582(c)(1)(A)."). "If a defendant cannot show 'extraordinary and compelling reasons' as defined in § 1B1.13, then he is ineligible for compassionate release." *Id*. "That policy statement defines 'extraordinary and compelling reasons' to include (among other things) terminal illness, severe physical or mental decline because of the aging process, and the death or incapacitation of the primary caregiver of a defendant's child." *Id*. (citing U.S.S.G. § 1B1.13(b)(1)-(4)). "Other reasons" similar in gravity may satisfy the extraordinary and compelling requirement. *See id*. (citing U.S.S.G. § 1B1.13(b)(5)). Montoya has not asserted the existence of any circumstances that are specifically identified in U.S.S.G. § 1B1.13. Nor has he identified any "other reasons" similar in gravity.

Montoya relies primarily on his asserted rehabilitation as a basis for his motion, but U.S.S.G. § 1B1.13 provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." Other courts in this district have found that a defendant's rehabilitation, while admirable, is not sufficient to warrant compassionate release. *See United States v. Ablett*, No. 09-CR-00749-RS-1, 2024 WL 3173280, at *5 (N.D. Cal. June 24, 2024) ("[H]is rehabilitation does not warrant a sentence reduction."). This Court likewise concludes that Montoya has failed to demonstrate the existence of extraordinary and compelling reasons warranting compassionate release, and that granting compassionate release would not be consistent with the Sentencing Commission's applicable policy statement, U.S.S.G. § 1B1.13. Having reached that conclusion, the Court need not and does not weigh the factors set forth in 18 U.S.C. § 3553(a).

Montoya's motion for a sentence reduction is DENIED.

## IV. ORDER

(1) Defendant Montoya's motion for a sentence reduction is DENIED; and

(2) This order terminates ECF 988.

Dated: March 19, 2026

_____
BETH LABSON FREEMAN
United States District Judge